Hand-Delivered

FILED
CHARLOTTE, NC

JAN 2 1 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

MONICA MOBLEY-OSBOURNE,

    Plaintiff,

v.

                           3:25-CV-39-FDW

NOVANT HEALTH, INC.,

    Defendant.

---

### PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff, Monica Mobley-Osbourne ("Ms. Mobley-Osbourne" or "Plaintiff") was employed by Defendant, Novant Health, Inc. ("Novant" or "Defendant") as a Patient Access Specialist. Despite her excellent performance, Novant terminated her not once, but <u>twice</u> after she requested intermittent leave under the Family and Medical Leave Act. When the first termination did not hold, the company created a fictitious reason to terminate her a second time. Ms. Mobley-Osbourne did not engage in any conduct that would warrant either termination. Instead, Novant Health terminated her in retaliation for her requesting leave under the Family and Medical Act, and interfered with her right to take leave under the Act.

### INTRODUCTION

1. This is an action brought pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2654 for retaliation and interference. Plaintiff seeks economic damages, including but not limited to back pay, lost benefits, liquidated damages, attorneys' fees and costs.

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question).

3.  Venue is proper in this district and division under 28 U.S.C. § 1391 because Defendant conducts business in this district and division and the unlawful actions and practices alleged herein were committed within the Western District of North Carolina.

## PARTIES

4.  According to the company's website, Novant Health is an integrated network of more than 900 locations, including 19 hospitals, more than 750 physician clinics and urgent care centers, outpatient facilities, and imaging and pharmacy services. Defendant provides services at multiple locations throughout North Carolina and South Carolina, and employs over 500 employees.

5.  Ms. Mobley-Osbourne is a citizen of the United States and a resident of the State of Maryland. All events described in this Complaint took place within the Western District of North Carolina.

## FACTS

6.  Novant Health, Inc. hired Ms. Mobley-Osbourne on or about June 21, 2021 into the position of full-time Certified Phlebotomist, NHA in Salisbury, North Carolina at the Rowan Medical Center. She was scheduled to work the night shift from 7pm until 7:30 a.m.

7.  On May 22, 2022, Ms. Mobley-Osbourne was promoted to the position of Patient Access Specialist at Novant Health Presbyterian Hospital in Charlotte, North Carolina. Her schedule remained the same (7:00 p.m. until 7:30 a.m.).

8. During all relevant times, Ashley Howard ("Ms. Howard") managed and supervised Ms. Mobley-Osbourne until in or about August 2022 when Stacy Johansen ("Ms. Johansen") began supervising her.

9. Ms. Mobley-Osbourne performed well in her position and was never counseled for any performance or conduct related issues.

**Ms. Mobley-Osbourne Requests Intermittent Leave For Her Serious Health Condition**

10. Ms. Mobley-Osbourne suffers from a disabling condition protected by the Americans with Disabilities Act that requires continuing treatment by her medical provider.

11. Due to her physical impairments, she needed an accommodation for her disability in the form of a modified work schedule during occasional flare ups in her condition.

12. Indeed, Ms. Mobley-Osbourne had difficulty beginning work at her regularly scheduled start time when she was experiencing a flare up. In addition, during other times she was unable to work an entire shift.

13. Accordingly, Ms. Mobley-Osbourne sought a reasonable accommodation in the form of intermittent leave under the Family and Medical Leave Act. She was eligible for the leave because she had worked at least 1250 hours in the preceding 12 months and sought leave for a serious health condition.

14. On or about December 16, 2022, Ms. Mobley-Osbourne submitted a request for intermittent FMLA leave using Novant Health's procedures for doing so through The Hartford. Her request was in the form of intermittent FMLA leave and a request for an accommodation under the Americans with Disabilities Act.

15. The Hartford is the Company's third-party administrator who handles the company's leave requests and whom Ms. Mobley-Osbourne was directed to submit her request to.

16. On or about January 10, 2023, Ms. Mobley-Osbourne's medical provider submitted the necessary medical certification to support her need for the intermittent leave and ADA accommodation. Her doctor certified her to have two days off per month for flareups and two days for medical appointments. In addition, her medical provider requested that she be provided an accommodation in the form of a 15 minute grace period to clock in due to her mobility issues.

17. In addition, her medical provider placed her on medical leave for January 13, 2023 due to her disability, which was communicated to Novant Health and The Hartford.

**Novant Health, Inc. Terminates Ms. Mobley-Osbourne**

18. Ms. Mobley-Osbourne arrived late in December 2022 and the beginning of January 2023 due to her flareups, covered by her request for FMLA leave requested.

19. On January 13, 2023, Ms. Howard and Ms. Johansen informed Ms. Mobley-Osbourne that her employment was terminated allegedly due to her failure to comply with Novant Health's Attendance and Tardiness policy, NH-HR-6065.

20. However, the dates relied upon by Defendant in terminating Ms. Mobley-Osbourne were directly related to her FMLA-qualifying leave certified by her medical care provider as a reasonable accommodation for her disability.

21. Ms. Mobley-Osbourne informed Ms. Howard and Ms. Johansen that her FMLA and ADA accommodation request from December 16, 2022 were still pending, and all the dates listed in the termination notice were for reasons related to her need for FMLA and a reasonable accommodation for her disability.

22. In response, Ms. Howard and Ms. Johansen informed her that the intermittent FMLA would only cover her absences not tardies. However, Ms. Mobley-Osbourne specifically requested the FMLA intermittent leave and ADA accommodations for a modified work schedule

for a grace period due to mobility issues related to her serious health conditions which specifically covered both tardies and absences.

23. Despite providing notice of her pending FMLA and ADA accommodation request from December 16, 2022, Ms. Howard immediately confiscated Ms. Mobley-Osbourne's badge, and the company terminated her access to the company's system.

**Novant Health Reinstates Ms. Mobley-Osbourne's Employment**

24. After notifying Ms. Mobley-Osbourne of the termination of her employment, Ms. Howard texted her later that day to inform her that she could return to work for her shift that evening (which started at 7:00 p.m.).

25. Ms. Mobley-Osbourne was not expecting any forms of communication or correspondence via email, telephone, or text message after being terminated at 6:45 a.m. the morning of January 13, 2023. Accordingly, she did not receive the text message when it was sent because she was already asleep from working the previous night's shift on Thursday, January 12, 2023 (7:00p.m.-7:30 a.m.), not expecting Ms. Howard's telephone call, did not receive the message until much later.

26. Also, on January 13, 2023, Ms. Mobley-Osbourne's medical provider placed her on a medical leave from January 13, 2023-January 19, 2023 due to her disability.

27. Ms. Mobley-Osbourne notified the Hartford of her medical leave, and the Hartford submitted a claim for January 13, 2023 as she would not be able to arrive at her scheduled shift. In fact, Ms. Mobley-Osbourne did not arrive at work until 7:25 p.m.

28. When Ms. Mobley-Osbourne arrived at work on January 13, 2023, she contacted Ms. Howard via text message to request that she call her. Ms. Howard called Ms. Mobley-Osbourne shortly thereafter and Ms. Mobley-Osbourne informed her that she had just arrived at

work. Ms. Howard notified Team Lead Brenda Navarez to allow entry for Ms. Mobley-Osbourne because her access to the building, time clock, and API system was terminated and she was unable to clock in. She informed Ms. Navarez that she was unable to clock in and Ms. Narvaez told her not to worry about it.

29. Management or the Team Lead recorded Ms. Mobley-Osbourne's time in the API System. She later learned that management recorded her as having arrived at 7:00p.m. and not 7:25 p.m. when she did arrive, but did not know that at the time it was recorded.

30. Ms. Mobley-Osbourne did not misrepresent the time she worked on January 13, 2023. She did not report hours that were not actually worked, and but for the company's terminating her access to the system, she would have clocked in herself at 7:25 when she arrived.

**Novant Health Terminates Ms. Mobley-Osbourne's Employment a Second Time**

31. On January 14, 2022 Ms. Mobley-Osbourne received a call from Novant Health's IT Department stating she was terminated in the system with no access until she contacted Human Resources. She had no access to API system or Novant Health computers systems from Friday, January 13, 2023 through January 17, 2023. arrived at work on January 16, 2023 for her scheduled time of 11:00 p.m. However, when she arrived at work that day, she discovered that she did not have access to any of the company's systems, including the time clock.

32. Seven days later, on January 20, 2023 Novant Health suspended Ms. Mobley-Osbourne without pay for alleged falsification of her time on January 13, 2023. Defendant accused Ms. Mobley-Osbourne of entering a 7:00 p.m. clock-in time into the company's API system. However, Ms. Mobley-Osbourne did not have access to the API system on that day.

33. Ms. Mobley-Osbourne did not falsify her time for January 13, 2023 and did not record her time for that day. Ms. Johansen and Ms. Howard both asked her what her start time was

that day. She did not report her start time to be 7:00 p.m.; Ms. Johansen or Ms. Howard did that without Ms. Mobley-Osbourne's knowledge or consent.

34. On January 27, 2023, Ms. Mobley-Osbourne's request for intermittent leave was approved, although her ADA accommodation request was still pending.

35. Ms. Mobley-Osbourne remained suspended without pay until February 3, 2023 when Novant Health terminated her employment for a second time.

36. By terminating Ms. Mobley-Osbourne for taking intermittent leave for her serious health condition, Novant Health interfered with her rights under the Family and Medical Leave Act.

37. Defendant also terminated Ms. Mobley-Osbourne in retaliation for her request to take intermittent leave under the Family and Medical Leave Act. Had Ms. Mobley-Osbourne not requested leave, she would not have been terminated.

38. Ms. Mobley-Osbourne has sustained significant damages and harms in the form of lost wages and benefits, including future wages, attorneys' fees and litigation costs, as well as reputational damage.

39. After her termination, Ms. Mobley-Osbourne filed a complaint with the United States Department of Labor for violation of the Family and Medical Leave Act.

40. The United States Department of Labor investigated Ms. Mobley-Osbourne's complaint and on June 13, 2024, the agency substantiated violations of discrimination, retaliation, and termination due to her FMLA use.

# COUNT I

## Violation of the Family and Medical Leave Act

### Interference

41. Plaintiff incorporates by reference the preceding paragraphs.

42. Ms. Mobley-Osbourne was an employee eligible for leave under the Family and Medical Leave Act because she suffers from a serious health condition for which she receives continuing medical treatment pursuant to 29 CFR § 825.113.

43. Novant Health interfered with Ms. Mobley-Osbourne's rights under the FMLA by, among other things, failing to provide her with up to 12 weeks of intermittent or continuous leave for a serious health condition.

44. Ms. Mobley-Osbourne's physical impairments are serious health conditions under the FMLA because she was receiving treatment for the conditions, as set forth in 29 CFR § 825.113(b).

45. Novant Health's actions in interfering with Ms. Mobley-Osbourne's federal right to FMLA leave were willful and committed with reckless disregard for her right to take intermittent or continuous leave. Defendant knew of its obligations to provide Ms. Mobley-Osbourne with the intermittent leave based on its own written policies and procedures.

46. The effect of Defendant's actions has been to deprive Ms. Mobley-Osbourne of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security and other benefits due her solely because of her right to take leave under the FMLA.

47. As a result, Ms. Mobley-Osbourne is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B), including but not limited to back pay, front pay or reinstatement, attorney's fees, and costs of litigation.

48. Ms. Mobley-Osbourne is also entitled to liquidated damages for Defendant's willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(A)(iii).

## COUNT II

### Violation of the Family and Medical Leave Act

### Retaliation

49. Plaintiff hereby incorporates by reference the preceding paragraphs.

50. Ms. Mobley-Osbourne was an eligible employee entitled to take leave for her own serious health condition pursuant to 29 CFR § 825.113(b).

51. Section 105 of the FMLA and section 825.220 of the FMLA regulations prohibit an employer from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise any FMLA right.

52. In terminating Ms. Mobley-Osbourne for requesting to take leave under the Family and Medical Leave Act, Defendant violated the Act for retaliating against her.

53. Defendant's actions in retaliating against Ms. Mobley-Osbourne for exercising her rights under the FMLA was willful and intentional and were committed with reckless disregard for her right to be free from discriminatory treatment on account of her exercise of her rights under the FMLA, specifically 29 U.S.C. § 2615(a)(2). Defendant knew of its obligations under the FMLA based on its own written policies and procedures.

54. The effect of Defendant's actions has been to deprive Ms. Mobley-Osbourne of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security and other benefits solely because of her exercise of her rights under the FMLA.

55. As a result, Ms. Mobley-Osbourne is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B), including, but not limited to, back pay, front pay or reinstatement, attorneys' fees, and costs of litigation.

56. Ms. Mobley-Osbourne is also entitled to liquidated damages for Defendant's willful violation of her rights under the Family and Medical Leave Act, 29 U.S.C. § 2617(a)(1)(A)(iii).

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays that this Court grant the following relief:

(a) Issue a declaratory judgment that Defendant's actions, policies, practices, and procedures complained of herein violated Ms. Mobley-Osbourne's rights as secured under the FMLA;

(b) Grant Ms. Mobley-Osbourne judgment in her favor and against Defendant under all counts of this Complaint;

(c) Order Defendant to make Ms. Mobley-Osbourne whole by providing for her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendant's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(d) Order that Ms. Mobley-Osbourne be reinstated, or in the alternative, be awarded front pay;

(e) Removal of any and all defamatory statements from Ms. Mobley-Osbourne's employment record;

(f) Grant to Ms. Mobley-Osbourne liquidated damages and punitive damages for Defendant's willful violations of the FMLA;

(g) Grant to Ms. Mobley-Osbourne her reasonable attorneys' fee and all other costs associated with this action as provided by the FMLA;

(h) Grant such additional monetary and equitable relief as the Court deems proper and just;

(i) Grant to Ms. Mobley-Osbourne a jury trial on all issues so triable.

Respectfully submitted this 21st day of January, 2025,

_____  1/21/25
Monica Mobley-Osbourne

*In Pro Per*